COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-05-191-CR
 
  
DOUGLAS 
DWAYNE PRINCE                                                   APPELLANT
  
V.
  
THE 
STATE OF TEXAS                                                                  STATE
 
  
------------
 
FROM 
COUNTY CRIMINAL COURT NO. 4 OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        Appellant 
Douglas Dwayne Prince attempts to appeal his conviction of driving while 
intoxicated. After the jury found Appellant guilty, the trial court assessed 
Appellant’s punishment at ninety days’ confinement. The trial court 
suspended the sentence and placed Appellant on community supervision for twelve 
months. We dismiss the appeal for want of jurisdiction.
        Pursuant 
to rule 26.2 of the rules of appellate procedure, a notice of appeal must be 
filed within thirty days after the date sentence is imposed, or within ninety 
days after the date sentence is imposed if the defendant files a timely motion 
for new trial. Tex. R. App. P. 
26.2(a). Appellant’s sentence was imposed on February 16, 2005. He filed a 
motion for new trial; thus, his notice of appeal was due on May 17, 2005. 
Appellant filed a notice of appeal on May 20, 2005.
        On 
June 20, 2005, we notified Appellant’s appellate counsel of our concern that 
we lacked jurisdiction over the appeal because the notice of appeal was not 
timely filed. We informed counsel that the appeal was subject to dismissal 
unless we received a response showing grounds for continuing the appeal. See 
Tex. R. App. P. 44.3.
        Appellant’s 
counsel responded on June 30, 2005 by filing a motion to extend time to file the 
notice of appeal. The motion recites that counsel inadvertently miscalculated 
the notice of appeal deadline for May 18 rather than May 17.
        In 
order for this court to grant a motion for extension of time to file a notice of 
appeal, both the notice of appeal and the motion for extension of time must have 
been filed within the fifteen-day extension period of rule 26.3. See Olivo v. 
State, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). Applying the rule 26.3 
extension period to this case means that Appellant’s motion for extension of 
time was due on June 1, 2005, but it was not filed until June 30. Because 
Appellant’s motion for extension of time was untimely, we deny the motion.
        A 
timely notice of appeal is essential to vest this court with jurisdiction. See 
id.; Slaton v. State, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998). 
Because Appellant’s notice of appeal was untimely, we have no jurisdiction 
over his appeal. See Olivo, 918 S.W.2d at 526. Accordingly, we dismiss 
this appeal for want of jurisdiction. See Tex. R. App. P. 25.2(b), 43.2(f).
   
                                                          PER 
CURIAM
 
 
 
PANEL 
D:   GARDNER, WALKER, and MCCOY, JJ.
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
July 28, 2005


NOTES
1.  
See Tex. R. App. P. 47.4.